UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON


WALTER MICHAEL COOPER,

      Movant,

v.                            Case No. 2:06-cr-00046-1
                                  Case No. 2:09-cv-01282

UNITED STATES OF AMERICA,

      Respondent.


**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence, pursuant to 28 U.S.C. § 2255 (docket sheet document ## 76 and 82), which was filed on Movant's behalf by attorney R. Lee Booten, II, on December 23, 2009. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**PROCEDURAL HISTORY**

On August 29, 2006, following a jury trial, Walter Michael Cooper (hereinafter "Defendant") was convicted of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On December 4, 2006, Defendant was sentenced to 87 months in prison, followed by a three-year term of supervised release. The sentence included a four-level enhancement

for use or possession of a firearm in connection with another felony offense, and another four-level enhancement for a cross-reference to the guideline for attempted murder, based upon state charges of wanton endangerment, arising out of the same incident that led to Movant's felon in possession charge.

At his sentencing, Defendant was advised of his right to file a Notice of Appeal within 10 days of the entry of Judgment, and that the failure to file a Notice of Appeal would waive his right to appeal. Defendant's Judgment Order was entered on December 5, 2006. No Notice of Appeal was filed. Thus, Defendant's Judgment became final on or about December 15, 2006.

Defendant's section 2255 motion was initially filed on November 24, 2009 by Mr. Booten. On December 1, 2009, the undersigned entered an Order stating that Defendant's section 2255 motion would not be further considered until the section 2255 motion had been executed by Defendant.[1] (# 79). On December 23, 2009, Mr. Booten filed a copy of the section 2255 motion that had been executed by Defendant, and a Motion for Evidentiary Hearing (# 80), in which he requested an opportunity to present evidence of extraordinary circumstances to justify the equitable tolling of the

---

[1] The undersigned ordered the execution of the section 2255 motion by Defendant, in addition to the signature of his counsel, having been unaware that the Rules Governing Section 2255 Motions no longer required the signature of the prisoner, where the prisoner is represented by counsel. See Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2

one-year statute of limitations under 28 U.S.C. § 2255.

Due to a clerical error, the Clerk's Office did not correctly docket Defendant's executed copy of the section 2255 motion until January 27, 2010.  Despite this fact, the undersigned will treat Defendant's section 2255 motion as though it were filed on November 24, 2009.

On January 6, 2010, being unaware that the executed copy of the section 2255 motion had been filed, but not docketed, the undersigned denied Defendant's Motion for Evidentiary Hearing, without prejudice, pending the filing of the executed motion.  (# 81).  On January 27, 2010, when the executed copy of the section 2255 motion was docketed as an Amended Section 2255 Motion (# 82), Mr. Booten filed a Renewed Motion for Evidentiary Hearing (# 83).

On March 5, 2010, the undersigned ordered the United States to file a response to Defendant's Amended Section 2255 Motion and Renewed Motion for Evidentiary Hearing.  (# 84).  On March 16, 2010, a transcript of Defendant's sentencing hearing was filed.  (# 85).  On March 31, 2010, the United States filed its Response to Defendant's Amended Section 2255 Motion and Renewed Motion for Evidentiary Hearing.  (# 86).

On April 22, 2010, Defendant filed a Motion to Stay (# 87), in which he requested additional time in order to obtain Defendant's case file from Mr. Cline's estate and review it before filing a reply brief.  On April 23, 2010, the United States filed a response

to the Motion to Stay, indicating that it had no objection to the court granting Defendant additional time to obtain the case file. Thus, on April 27, 2010, the undersigned entered an Order treating Defendant's Motion to Stay as a Motion for Extension of Time to File a Reply Brief and granting the motion. (# 89).

On June 10, 2010, Defendant filed a Reply, and included two exhibits consisting of time records from Mr. Cline's file that demonstrated communications between Mr. Cline and the court reporter and Mr. Cline and Defendant in the time period before the Notice of Appeal was due. (# 90).

On July 29, 2010, the undersigned entered an Order granting Defendant's Renewed Motion for an Evidentiary Hearing (# 91), and an evidentiary hearing was conducted on August 4, 2010. Defendant participated in the evidentiary hearing by video conference, and was represented at the hearing by Mr. Booten, who appeared in person. The United States was represented by R. Booth Goodwin, II, United States Attorney for the Southern District of West Virginia.

Prior to the evidentiary hearing, and again before the conclusion thereof, Defendant and Mr. Booten were given opportunities to consult with one another outside the presence of the court and Mr. Goodwin. Defendant presented his own testimony at the hearing, and entered the time records from Mr. Cline's file as exhibits. No other evidence was presented. This evidence will be discussed <u>infra</u>.

## THE PARTIES' ARGUMENTS AND EVIDENCE

Defendant's section 2255 motion asserts four grounds for relief.  The first ground asserts that Defendant's court-appointed counsel, Michael R. Cline, failed to file a petition for appeal concerning Defendant's conviction and sentence as so requested by Defendant.  Mr. Cline is now deceased.  Related to this first claim is the issue of the timeliness of Movant's section 2255 motion, which must be addressed before any of the substantive grounds in the motion may be reached.

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion.  However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

5

28 U.S.C. § 2255.  Defendant's section 2255 motion addresses the timeliness of his motion as follows:

> Defendant has operated under the assumption that his trial counsel filed his appeal as so requested. Defendant's trial counsel never contacted the defendant after the sentencing hearing and never advised him that he did not file that appeal.  Defendant's trial counsel is now deceased.  Defendant had attempted to contact his trial counsel, but his trial counsel refused to accept his collect calls.  Defendant and his family are very unfamiliar with the federal system, which is vastly different than the state court criminal justice system. Defendant at his institution of incarceration in a discussion with other inmates was so advised that an appeal would sometimes take 3 to 4 years thus he was unaware there was no appeal, and was certainly unaware that he had only 1 year from the date of his conviction to file a section 2255 petition.  Defendant and his family were not advised that an appeal had not [been] filed until such time that defendant's mother contact[ed] his present counsel, since she could not contact or locate defendant's trial counsel.  At that point, defendant's new counsel advised defendant's mother that Michael R. Cline had died in January of 2009, and further upon review of this matter that no appeal had been filed. At some point in the summer of 2009 defendant's mother then retained his present counsel, and due to the defendant's counsel's schedule and this being his first 2255 petition defendant's counsel has just now filed this petition, but the underlying grounds for this petition have significant merit.  Even if this court disagrees with the defendant's counsel's allegations that defendant's sentencing levels were improperly calculated, that does not change the fact that defendant was never provided with an appeal of his conviction and sentencing. This defendant at a minimum is entitled to an appeal of his conviction and sentencing, and the obviousness of ineffectiveness of assistance at trial, so mandates that the defendant's 2255 Petition be heard despite that 1 year general statute of limitation.

(# 82 at 12).

Defendant's Renewed Motion for Evidentiary Hearing further addresses his equitable tolling argument, stating:

6

Extensive case law exists upon the equitable tolling of the statute of limitations upon a showing of extraordinary circumstances, and those extraordinary circumstances are particular to each case, and are analyzed on a case by case basis. In summary those extraordinary circumstances in this matter to invoke the equitable tolling [of] the statute of limitations are as follows:

1.   Defendant's trial counsel ignored defendant's request to file an appeal when meritorious grounds appeared, and thus defendant had no review of his case by any reviewing court;

2.   Defendant's trial counsel ignored defendant's attempted contacts after his sentencing hearing;

3.   Defendant's underlying state charges which served as a basis for sentencing enhancements [were] dismissed eleven months after his sentencing and defendant was not made aware of that fact until retaining counsel in the Summer of 2009;

4.   Defendant's education is limited, he has had no prior federal charges, and he had no knowledge of the provisions of 28 U.S.C. § 2255 to enable him to file said petition on his own; and

5.   Since defendant's sentencing there has been a total lack of contact with any counsel, whether it is federal or state, to advise him of his rights to file an appeal, or to seek relief through a Section 2255 Petition.

(# 83 at 2).

The United States' Response argues that the facts cited by Defendant to support his request for equitable tolling are not "extraordinary circumstances" necessary to afford Defendant the drastic remedy of equitable tolling. (# 86 at 4). The United States' Response further states:

Defendant admits that he did nothing more than try to contact Mr. Cline by phone and states that Mr. Cline

7

refused to accept his collect calls.  If it was in fact
the case that Mr. Cline would not accept his calls, that
should have alarmed him rather than simply causing him to
"assume" that his appeal was being taken.  The fact that
an appeal had not been filed is simply a "matter of
public record, 'which reasonable diligence could have
unearthed.'" <u>Owens v. Boyd</u>, 235 F.3d 356, 260 (7th Cir.
2000).   Defendant failed to act with any diligence
whatsoever for years as he sat assuming that an appeal
had been filed.  Accordingly, the court should dismiss
defendant's petition as being untimely filed.

* * *

Mr. Cline is deceased and key information is now gone
with him.  The United States has been prejudiced in its
ability to respond to the petition because of the delay
in its filing by defendant and defendant's grounds, which
concern whether an appeal had been filed, are grounds of
which he <u>could</u> have had knowledge with reasonable
diligence.

(<u>Id.</u> at 4-5).

Prior to filing Defendant's Reply, Mr. Booten obtained a copy

of Mr. Cline's case file and his billing records for Defendant's

case.  The Reply brief states in pertinent part:

A review of the file, to which movant's counsel
certifies to the court that he has thoroughly examined,
reveals no post sentencing communications in the forms of
letters or office notes.  However, a review of Michael R.
Cline's itemization of services performed in that case,
a copy of which is attached hereto as Exhibit B, on page
2, of that itemization so indicates at next to the last
entry objective evidence that Mr. Cline conferred with
the court's reporter as his last entry on the date of
movant's sentencing.   Further, that a telephone
conference between Mr. Cline and the movant occurred on
12/13/06, shown as Mr. Cline's last entry.   Movant's
counsel hereby submits that those last two entries are
objective evidence that Mr. Cline as movant's trial
counsel did in fact receive instructions from the movant
to file an appeal, why else would a conference occur
between Mr. Cline and the court reporter presumably after
movant's sentencing occurred.

8

(# 90 at 2).

At the evidentiary hearing on August 4, 2010, Defendant testified that, at the conclusion of his sentencing, after being advised of his right to appeal, he and Mr. Cline discussed filing an appeal on the issue of the application of the murder cross-reference enhancement, and that Mr. Cline said he would file an appeal. Defendant further testified about the telephone conversation he had with Mr. Cline on December 13, 2010. Defendant stated that he asked Mr. Cline if he had filed the Notice of Appeal, and Cline stated that he would file it that day. Defendant further stated that Mr. Cline did not say he would not file the appeal. Defendant further stated that he relied on Mr. Cline's representation that the appeal would be filed.

Defendant testified that he had no further communication with Mr. Cline. He stated that he repeatedly attempted to call Mr. Cline's office  and that the person who answered the phone would hang up. Defendant stated that he attempted to call Mr. Cline's office one or twice a week for some time.

Defendant further testified that, when he was transferred into the custody of the Federal Bureau of Prisons, he was first housed at the Federal Correctional Institution at Gilmer, West Virginia ("FCI Gilmer"). Defendant stated that FCI Gilmer did not have much of a law library, and he did not know whether there was computer access. Defendant further stated that he did not discuss anything

about his alleged appeal with any counselors at that facility, but he did have discussions with other inmates who told him it could take approximately 3 or 4 years for an appeal to be completed.

Defendant further testified that, after he was moved to the Federal Medical Center at Lexington, Kentucky ("FMC Lexington"), he asked his mother to find out what was going on with his appeal. Defendant testified that one of his medical conditions involves problems with his vision.

Defendant further testified that he had no knowledge of how to file a section 2255 motion, and he did not believe he had the ability to act as his own counsel.  Defendant further stated that he did not know how to check on the status of his alleged appeal.

Defendant moved the admission of a certified copy of Mr. Cline's death certificate, which indicates that Mr. Cline died on December 26, 2008.  (Pl. Ex. 1).  Defendant also moved the admission of a letter authenticating Mr. Cline's criminal case file (Pl.'s Ex. 2), and a certified copy of Mr. Cline's billing records for Defendant's case.  (Pl.'s Exs. 3-5).

The United States Attorney did not cross-examine Defendant and did not put on any evidence on behalf of the United States.  The parties were then permitted to present argument to the court.

Mr. Booten argued that Defendant, with his limited abilities, believed, after the telephone conversation on December 13, 2006, that Mr. Cline had filed the appeal.  Mr. Booten argued that the

evidence presented concerning the December 13, 2006 telephone conversation supports that conclusion. Mr. Booten further argued that, after his subsequent calls were rejected by Mr. Cline's office, Defendant did not know how to determine the status of the appeal, and remained under the reasonable impression that the appeal was pending. Thus, Mr. Booten requested that the court find that these are extraordinary circumstances and that the statute of limitations for filing Defendant's section 2255 motion be equitably tolled until the Summer of 2009, when new counsel was retained, and the fact that the appeal had not been filed was discovered.

The United States Attorney argued that the circumstances, as presented by Defendant, are not extraordinary. He reiterated that whether an appeal has been filed is a matter of public record, and that Defendant, or someone on his behalf, could have determined whether an appeal had been filed within the one-year statute of limitations. The United States Attorney further argued that yet another year passed after the expiration of the statute of limitations before Mr. Cline died, and still Defendant had made no attempts to determine the status of the alleged appeal. The United States Attorney asserted that Defendant had not exercised due diligence, and that 28 U.S.C. § 2255(f) should be dispositive of this matter.

Furthermore, relying upon the precedent set forth under the former Rule 9(a) of the Rules Governing Section 2255 Motions (which

11

has since been eliminated because of the enactment of section 2255(f)), the United States Attorney reiterated the argument made in the government's brief that Defendant's lack of diligence and the delay in this matter has resulted in certain prejudice to the United States.   Rule 9(a) provided that "[a] motion for relief made pursuant to these rules may be dismissed if it appears that the government has been prejudiced in its ability to respond to the motion by delay in its filing unless the movant shows that it is based on grounds of which he could have no knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the government occurred."   (# 86 at 4-5).

<u>**ANALYSIS**</u>

The United States Court of Appeals for the Fourth Circuit has held that the AEDPA limitation period is subject to equitable tolling.   <u>See</u> <u>Harris v. Hutchinson</u>, 209 F.3d 325, 329-330 (4th Cir. 2000).   As to when equitable tolling should apply, the Fourth Circuit has stated:

> We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

<u>Id.</u> at 330.   The Court opined that equitable tolling should apply in "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent;

and   (2)   where   <u>extraordinary</u>   <u>circumstances</u>   beyond   the
plaintiff/petitioner's   control   made   it   impossible   to   file   the
claims   on   time.   <u>Id.</u>   [Emphasis   added].

The   Fourth   Circuit   has   also   made   clear   however,   that,
generally,   the   mistakes   of   counsel   are   attributable   to   the
prisoner,   and   that   such   errors   are   not   grounds   for   equitable
tolling.   <u>See</u>   <u>Rouse v. Lee</u>,   339 F.3d 238 (4th Cir. 2003).   The
Fourth Circuit has further held that equitable tolling was not even
warranted   where   counsel   actually   misadvised   his   client   of   the
statutory deadline.   <u>See</u>   <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330-31
(4th Cir. 2000).   Furthermore, ignorance of the law is not a valid
basis for equitable tolling.   <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220
(10th Cir. 2000)(Ignorance   of   the   law,   including   existence   of
AEDPA,   insufficient   to   warrant   equitable   tolling);   <u>Miller v. Marr</u>,
141 F.3d 976, 978 (10th Cir, 1998)(equitable tolling not justified
by   the   fact   that   the   prisoner   did   not   know   about   AEDPA   time
limitation)."   (# 12 at 8).   Thus, Defendant's claim that the
statute of limitations should be tolled because he was unaware of
the AEDPA statute of limitations is unpersuasive.

The   undersigned   credits   Defendant's   testimony   that   he   had   a
telephone   conversation   with   Mr.   Cline   on   December   13,   2006,   in
which   he   requested   that   Mr.   Cline   file   an   appeal,   and   that   Mr.
Cline   indicated   he   would   do   so.   Nevertheless,   Defendant's   lack   of
reasonable diligence in following up with Mr. Cline, or determining

the status of the appeal on his own, allowed the one-year statute of limitations under section 2255 to expire without the filing of a section 2255 motion, and no direct appeal having been filed.

Almost two more years passed from the expiration of the one-year statute of limitations on December 15, 2007, before Defendant retained Mr. Booten and filed the instant section 2255 motion. Within that time period, Mr. Cline passed away, and with him, the government's ability to obtain information necessary to defend against Defendant's claims for relief in his section 2255 motion.

The undersigned proposes that the presiding District Judge **FIND** that Defendant's section 2255 motion is untimely under 28 U.S.C. § 2255(f), and that the circumstances presented by Defendant are not sufficiently extraordinary to justify the application of equitable tolling in this case. Furthermore, the undersigned proposes that the presiding District Judge **FIND** that the Petitioner's lack of reasonable diligence and the delay in this matter, especially in light of Mr. Cline's death, has resulted in prejudice to the United States' ability to fully respond to the grounds for relief raised in the section 2255 motion.

<u>**RECOMMENDATION**</u>

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's request for the application of equitable tolling of the statute of limitations and **DENY** Defendant's Motion to Vacate, Set Aside or Correct Sentence

14

under 28 U.S.C. § 2255 (## 76 and 82) as untimely.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney and Judge Chambers. The Clerk is directed to file this Proposed Findings and

Recommendation and to mail a copy of the same to Defendant and to transmit a copy to counsel of record.


       August 27, 2010
           Date

Mary E. Stanley
United States Magistrate Judge

16